OWEN, Chief Judge
(dissenting):
I respectfully dissent because I feel that the court’s error was neither harmful to the plaintiff nor one of which plaintiff should be heard to complain.
The trial of this case before a jury occurred in the interim period between this court’s decision in Jones v. Hoffman, Fla.App.1973, 272 So.2d 529, and the Supreme Court’s decision in Hoffman v. Jones, Fla. 1973, 280 So.2d 431. The plaintiff had alleged negligence and the defendant had asserted the affirmative defense of contributory negligence. It was upon these pleadings that the case was tried. Although the plaintiff did not request an instruction on comparative negligence, the trial court, obedient to our decision in Jones v. Hoffman, supra, refused defendant’s request to instruct on contributory negligence, and instead gave an instruction on comparative negligence on its own initiative. The instruction as given did not comply with the law of comparative negligence as approved in Hoffman v. Jones, supra, the error for which the majority reverses.
Because the trial court properly could have instructed on contributory negligence under the pleadings upon which the case went to trial, the plaintiff was not harmed by an instruction on comparative negligence, which necessarily was more favorable to the plaintiff than an instruction on contributory negligence would have been. There is another (and equally as compelling) reason as to why the judgment should not now be reversed. Appellant argued strenuously at trial that the court should not give the jury an instruction on either contributory negligence or comparative negligence. Thus, appellant ought not now be given a new trial in order to reap the benefit of the comparative negligence doctrine when at the former trial appellant had insisted that such was not applicable to the case.